554. The instructions as a whole appear to have fairly informed the jury of the law governing the case, and we are of opinion that upon the facts and the law the judgment was substantially correct and should be affirmed.

*Judgment affirmed.*

## Thomas C. McAleeman, Appellee, v. East St. Louis Light and Power Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Thomas C. McAleeman against East St. Louis Light and Power Company to recover for injuries to plaintiff's horse, which were of such a nature as to render it necessary that it be killed, and for damages to the wagon and harness alleged to have been caused by the negligence of a servant of defendant in throwing the end of a rope to another servant at the top of a telegraph or telephone pole so as to cause the the horse, which was hitched nearby, to take fright and run away. There was a verdict in favor of plaintiff for $300, but a remittitur was entered by plaintiff and judgment was given for $213.60. Some days later the judgment was vacated and plaintiff given leave to file an additional count to the declaration.

In the meantime an appeal had been prayed from the judgment and an appeal bond filed. Plaintiff instead of filing an additional count filed a complete amended declaration. He again entered the remittitur and judgment was a second time entered for $213.60

and an appeal allowed. The last amended declaration filed omitted the former allegations of negligence and in lieu thereof charged that a servant of defendant negligently dropped or threw the end of a rope from the top of a telegraph pole or electric light pole.

For the purpose of this appeal the Appellate Court treated the case as though the amendment had been allowed in the usual manner upon the trial.

BARTHEL, FARMER & KLINGEL, for appellant.

M. D. BAKER and DAN McGLYNN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 246*—*effect of amendment as abandonment of former pleading.* Where a plaintiff files his final amended declaration he abandons his former declaration and the last declaration cannot be aided by anything contained in the former.

2. NEGLIGENCE, § 187*—*when proof insufficient to sustain allegation of negligence.* In an action for damages resulting from the death of a horse and damages to a wagon and harness alleged to have been caused by the negligence of a servant of defendant in dropping or throwing the end of rope from the top of a telegraph or electric light pole so as to cause the horse to become frightened and run away, *held* that a verdict for plaintiff could not be sustained, for the reason that the proof did not tend to sustain the charge of negligence in the declaration, the defendant's witnesses testifying that the rope was not thrown in any manner and plaintiff's principal witness testifying that the end of the rope was thrown from the ground to a servant at the top of the pole.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.